```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

LIZBETH LEREW,                  :
      Plaintiff
                                 :

      vs.                      :    CIVIL NO. 1:CV-07-1456

                                 :
AT&T, INC., d/b/a
CINGULAR WIRELESS,
      Defendant               :

*M E M O R A N D U M*

*I.   Introduction*

      We are considering a motion to dismiss filed by Defendant AT&T, Inc., d/b/a Cingular Wireless ("AT&T"). (doc. 8). On August 7, 2007, Plaintiff, Lizbeth Lerew, a former AT&T employee, filed a complaint containing the following counts: (1) violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); (2) violation of her rights under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 et seq. ("PHRA"); (3) violation of defendant's "duty to supervise and control"; and (4) intentional infliction of emotional distress. (doc. 1). AT&T has moved to dismiss counts 3 and 4 for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Upon careful consideration of the motion and the briefs, we will dismiss counts 3 and 4 with leave to amend count 4.

*II.   Background*

On November 6, 2004, Lerew began working at AT&T as a Retail Sales Representative in the Capitol City Mall in Camp Hill, Pennsylvania.  Lerew alleges that between January 2005 and August 2006, an AT&T employee sexually harassed her and created a hostile work environment.  Specifically, Lerew alleges that on numerous occasions, Scott Ferguson, an AT&T Communications Specialist, grabbed Lerew in her crotch, rubbed himself against her, sent her text messages containing sexual content, and "told Plaintiff to cleanse herself so he could perform oral sex on her."  (doc. 1, ¶ 6).  Lerew alleges that Ferguson engaged in this conduct because she is a female.  Additionally, she claims that the conduct was unwelcome, pervasive and regular, and created a hostile work environment.  *Id*.

In June 2005, Lerew reported and complained about Ferguson's conduct to Jennifer Weigle, an AT&T supervisor with authority over Lerew and Ferguson.  *Id*. ¶ 7.  Lerew gave Weigle some of the offensive messages Ferguson had sent to her.  *Id*. Weigle, however, did not take any action in response to Lerew's complaints because she had co-signed a loan for Ferguson.  *Id*. ¶ 8.  As a result, Weigle would have incurred financial loss if Lerew's allegations affected Ferguson's employment at AT&T.  *Id*.

On or about January 12, 2006, Lerew filed a formal complaint about Ferguson's conduct with Kristen Severe, the

2

District Manager of Cingular Wireless.[1]  *Id*. ¶ 11.  In response, Lerew was transferred to a smaller and less profitable store located a greater distance from her home.  *Id*. ¶ 12.  Lerew received less pay and incurred additional commuting expenses as a result of the transfer.  *Id*.  Lerew alleges that the discrimination and the hostile work environment at AT&T led to her constructive discharge in August 2006.  *Id*. ¶ 13.

*III.  Discussion*

   *A.  Standard of Review*

   In considering Defendant's motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor.  *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (rejecting "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Detailed factual allegations are not required, *id*. at ___, 127 S.Ct. at 1964-65; *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 564 (3d Cir. 2002), only a "short and plain statement" showing the right

---

[1] According to Lerew, AT&T, Inc. is a corporation doing business as Cingular Wireless in Pennsylvania.  (doc. 1, ¶ 4).

3

to relief. *Pryor*, 288 F.3d at 564 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) and quoting Fed. R. Civ. P. 8(a)(2)).

   *B.   Lerew's Negligent Supervision Claim*

Count III of Lerew's complaint alleges that AT&T violated its "duty to supervise and control" which we will construe as a claim for negligent supervision.[2] Lerew alleges that she reported Ferguson's misconduct to Weigle, their supervisor; however, Weigle did not take any action because she had co-signed a loan for Ferguson and any change to his employment status might have affected repayment of the loan. (doc. 1, ¶¶ 7, 8).

AT&T argues that the PHRA preempts Lerew's negligent supervision claim. According to AT&T, the negligent supervision claim "is premised upon her allegations of sexual harassment (which she seeks to remedy, inter alia, through the provisions of the PHRA)." (doc. 9, p. 4). Therefore, the claim "arises from" PHRA-prohibited conduct and falls within the exclusivity provision which provides that its remedies "shall, when invoked, be exclusive and the final determination therein shall exclude

---

[2] Pennsylvania law allows a claim against an employer for negligent supervision of an employee "where the employer fails to exercise ordinary care to prevent an intentional harm to a third-party which 1) is committed on the employer's premises by an employee acting outside the scope of his employment and 2) is reasonably foreseeable." *Mullen v. Topper's Salon & Health Spa, Inc.*, 99 F. Supp.2d 553, 556 (E.D. Pa. 2000) (citing, inter alia, *Dempsey v. Walso Bureau*, 431 Pa. 562, 246 A.2d 418, 419-22 (1968); Restatement (Second) of Torts § 317 (1965)).

4

any other action, civil or criminal, based on the same grievance of the complaint concerned." 43 P.S. § 962(b).

In response, Lerew argues that Weigle's failure to respond to Lerew's complaint is independent of the sexual harassment and hostile work environment allegations. (doc. 12, pp. 4-6). Instead, the negligent supervision claim "aris[es] from the failure to act on Plaintiff's complaint for personal reasons based on monetary considerations." *Id*. at 6.

We disagree that the allegations in the negligent supervision claim are separate from the acts supporting Lerew's claim under the PHRA. As noted by AT&T, the PHRA preempts negligent supervision claims "when . . . such claims arise from, and form an integral part of, the PHRA-prohibited conduct." *Watkins v. Rite Aid Corp.*, No. 06-299, 2006 U.S. Dist. LEXIS 50784, at *14-*15 (M.D. Pa. July 25, 2006) (Jones, J.) (collecting cases). Lerew's negligent supervision claim concerns AT&T's failure to respond to her complaints regarding sex discrimination and the hostile work environment. (doc. 12, p. 6). The sex discrimination and hostile work environment allegations, however, constitute PHRA-prohibited discriminatory conduct and are the subject of Count II of the complaint. Without an independent set of facts supporting the negligent supervision claim, the PHRA preempts Lerew's claim.

Lerew's allegation that AT&T employees failed to take action "for personal reasons based on monetary considerations"

does not change our conclusion. Our preemption analysis focuses on the similarity of the acts supporting the PHRA and negligent supervision claims, not AT&T's motive for failing to investigate Lerew's complaint. *See McGovern v. Jack D's, Inc.*, No. 03-5547, 2004 U.S. Dist. LEXIS 1985, at *22 (E.D. Pa. Feb. 3, 2004) (explaining: "[W]here a statute provides a remedy for a certain type of injury, a common law action designed to redress the same injury is rendered superfluous").

   *C.   Lerew's Intentional Infliction of
         Emotional Distress Claim*

AT&T has also moved to dismiss Lerew's intentional infliction of emotional distress claim ("IIED"), arguing that it is preempted by the Pennsylvania Workers Compensation Act, 77 P.S. § 1, et seq. ("PWCA") and does not fall within the PWCA's "personal animus" exception. (doc. 9, p. 5). Having failed to properly plead her IIED cause of action, we will grant AT&T's motion to dismiss but allow Lerew leave to amend the complaint. We will also decline to adopt AT&T's argument that the PWCA preempts Lerew's IIED claim.

The PWCA "provides the sole remedy 'for injuries allegedly sustained during the course of employment.'" *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997) (quoting *Dugan v. Bell Tel. of Pa.*, 876 F. Supp. 713, 723

6

(W.D. Pa. 1994)).[3] The PWCA contains a "personal animus" or "third-party attack" exception, however, for "employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of his employment." *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 160 (3d Cir. 1999).[4] AT&T argues that Lerew's claim does not fall within the exception because the purported misconduct occurred at the workplace.  (doc. 9, p. 6). Lerew argues that the purported sexual harassment "must have been 'purely personal' to the attacker" because sexual harassment is a personal act.  (doc. 12, p. 8).

Lerew's complaint describes specific incidents of misconduct at the workplace; however, it does not set forth any allegations regarding the AT&T employees' reasons for engaging in the misconduct.[5] According to Pennsylvania courts, "To set forth a valid cause of action implicating [the personal animus] exception, 'an employee must assert that his injuries are *not*

---

[3] The PWCA exclusivity provision provides that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . in any action at law or otherwise on account of any injury or death . . . ."  77 P.S. § 481(a).

[4] The exception applies to an injury "caused by an act of a third person intended to injure the employe because of reasons personal to him and not directed against him as an employee or because of his employment."  77 P.S. § 411(1).

[5] We note that in her brief opposing AT&T's motion to dismiss, Lerew represents that paragraph eight in her complaint alleges the following: "The conduct of both Ferguson and Weigle was motivated by purely personal reasons and was not work-related."  (doc. 12, p. 7). Such an allegation, however, does not actually appear in paragraph eight or any other portion of the complaint.

7

work-related because he was injured by a co-worker for purely personal reasons.'" *Krasevic v. Goodwill Indus., Inc.*, 764 A.2d 561, 565 (Pa. Super. 2000) (quoting *Kohler v. McCrory Stores*, 615 A.2d 27, 30 (Pa. 1992)). Lacking any allegation that she was injured for purely personal reasons, Lerew's complaint fails to properly plead an IIED claim within the personal animus exception.

If properly pled, we conclude that the PWCA does not preempt the IIED claim. The claim arises from a co-worker allegedly grabbing Lerew in her crotch, rubbing himself against her, sending her text messages with sexual content, and telling Lerew "to cleanse herself so he could perform oral sex on her." (doc. 1, ¶ 6). Although the alleged harassment occurred at work, the co-worker's sexual misconduct, which we must accept as true, was not connected to the work situation and did not arise out of the employment relationship.

The Third Circuit Court of Appeals and the Pennsylvania Supreme Court have not expressly considered whether IIED claims arising from sexual harassment fall within the PWCA's personal animus exception, and lower courts are split on the issue. *See Durham*, 166 F.3d at 160 (citing cases).[6] In

---

[6] In *Durham*, the Third Circuit suspected, but could not be sure, that the Pennsylvania Supreme Court would conclude that the PWCA preempts IIED claims based on sexual harassment in the workplace. 166 F.3d at 160 n.16. The court noted, however, that its comment did not apply to an IIED claim "more disconnected from the work situation . . . for example where a supervisor sexually assaulted an employee or stalked her outside of work." *Id*.

8

*Brooks v. Mendoza*, No. Civ. A. 00-5045, 2002 WL 467157 (E.D. Pa. Mar. 26, 2002), for example, the court considered a similar claim and concluded that it was not preempted by the PWCA. There, the alleged harassment included the Defendant "taunting plaintiff with a vibrating object in his pants, pursuing plaintiff around the restaurant despite her protests, and uttering obscene remarks to plaintiff . . . ." *Id*. at *4. The court, after discussing the split among lower courts, concluded that the plaintiff's allegations were "personal in nature and sufficiently disconnected from the work situation for plaintiff's claims to fit within the exception to the [PWCA]." *Id*. *See also, Gruver v. Ezon Products, Inc.*, 763 F. Supp. 772, 775-76 (M.D. Pa. 1991) (Rambo, J.). Lerew makes similar allegations against a co-worker at AT&T which, if properly presented, fall within the personal animus exception. Therefore, we reject AT&T's argument that the PWCA preempts Lerew's IIED claim.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 7, 2008

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


LIZBETH LEREW,                     :
          Plaintiff
                                   :

          vs.                      :   CIVIL NO. 1:CV-07-1456

                                   :
AT&T, INC., d/b/a
CINGULAR WIRELESS,
          Defendant                :
```

*O R D E R*

AND NOW, this 7th day of January, 2008, upon consideration of Defendant AT&T's Motion to Dismiss for Failure to State a Claim (doc. 8), filed November 5, 2007, and pursuant to the accompanying Memorandum, it is ordered that:

    1.  Count 3 of Plaintiff's Complaint is dismissed;

    2.  Count 4 is dismissed with leave to amend pursuant to the accompanying Memorandum within twenty (20) days of the date of this Order.

    <u>/s/William W. Caldwell</u>
    William W. Caldwell
    United States District Judge