```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LIZBETH LEREW,                    :
        Plaintiff
                                  :

        vs.                       :    CIVIL NO. 1:CV-07-1456
                                  :
AT&T MOBILITY LLC, formerly
known as CINGULAR WIRELESS, LLC,  :
        Defendant
```

*M E M O R A N D U M*

*I.    Introduction*

      We are considering a motion for summary judgment filed by the Defendant, AT&T Mobility LLC ("AT&T").  Plaintiff, Lizbeth Lerew ("Lerew"), filed this lawsuit alleging: (1) a hostile work environment in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); (2) violation of her rights under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 et seq. ("PHRA"); (3) constructive discharge and (4) intentional infliction of emotional distress ("IIED").

      We will examine the motion under the well-established standard.  *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008). Upon review of the motion, the briefs, and the record, we will grant summary judgment as to the IIED and constructive discharge claims, and deny summary judgment as to the hostile work environment claims.

*II.  Background*

Lerew began working for AT&T in November of 2004 at its store in Capital City Mall, Camp Hill, Pennsylvania.  Lerew alleges she was harassed by a co-worker, Scott Ferguson, beginning in February 2005.  It appears from the record that the she was allegedly harassed off-and-on until January of 2006, at which time, she complained to her employer and was transferred to AT&T's store in Carlisle, Pennsylvania.  Plaintiff resigned her position at the Carlisle store in August of 2006, some seven months after her transfer.

*III. Discussion*

   *A.  Hostile Work Environment Claim*

Title VII of the Civil Rights Act of 1964 and the PHRA prohibit an employer from discriminating "against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin."  42 U.S.C § 2000e-2(a)(1).[1]  Hostile work environment harassment occurs when "unwelcome sexual conduct unreasonably interferes with a person's performance or creates an intimidating, hostile, or offensive working environment."  *Weston v. Pennsylvania Dep't of*

---

[1]  We will analyze Lerew's sexual harassment claims pursuant to Title VII and the PHRA together, as Pennsylvania courts have construed the protections of the two acts interchangeably.  *Weston*, 251 F.3d at 426 n.3.

2

*Corrections*, 251 F.3d 420, 425-26 (3d Cir. 2001).  In order to prevail on a claim arising from hostile working conditions, an employee must show that "(1) the employee suffered intentional discrimination because of [her] sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the [employee], (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of respondeat superior liability." *Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007)(quoting *Weston*, 251 F.3d at 426).  For purposes of this motion, AT&T challenges Lerew's ability to meet the second and fifth elements, arguing that the evidence fails to establish a genuine issue of fact that respondeat superior liability exists and that the harassment was severe or pervasive.  Def.'s Br. In Supp. at 12.

As we believe there is a genuine issue of fact as to whether the alleged harassment was severe or pervasive, we will not address this portion of Defendant's motion.  Instead, we will address AT&T's contention that the evidence does not support respondeat superior liability.

When a co-worker is the source of alleged harassment, as it is in this case, in order to establish the fifth element "a plaintiff must demonstrate that the employer failed to provide a reasonable avenue for complaint, or, if the employer was aware of the alleged harassment, that it failed to take

appropriate remedial action." *Weston*, 251 F.3d at 427.  An employer is aware of harassment if a plaintiff proves that "management-level employees had actual or constructive knowledge about the existence of a sexually hostile environment."  *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1486 (3d Cir. 1990). Constructive notice exists in two situations: (1) management-level personnel were provided with enough information to "raise a probability of sexual harassment in the mind of a reasonable employer," or (2) "the harassment is so pervasive and open that a reasonable employer would have had to be aware of it."  *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 294 (3d Cir. 1999).

   Here, the parties disagree on when AT&T received notice concerning sexual harassment, and whether AT&T promptly and adequately remedied the situation after receiving notice. Lerew does not contend that AT&T failed to provide a reasonable avenue for complaint.  Pl.'s Br. In Opp'n at 11.  Instead, she argues that a genuine issue of fact exists as to when AT&T had notice and whether it took appropriate remedial measures.  *Id.* at 11-12.  AT&T contends that it received actual notice of the harassment in January of 2006, and that it promptly remedied the situation by allowing Lerew to transfer to another store. Def.'s Br. In Supp. at 24.

   In most situations, the focus will be on the "timing and nature of the employer's response."  *Andreoli*, 482 F.3d at 644. While the evidence is not overwhelming, we believe there is

a genuine issue of fact on whether AT&T received notice prior to January of 2006, and whether AT&T took prompt and adequate remedial measures.  Since this action largely boils down to an issue of credibility, we conclude a jury should decide these issues in addition to the other elements of a hostile work environment claim.

>     *B.   Constructive Discharge Claim*

AT&T contends that Lerew's constructive discharge claim is not supported by the evidence.  Specifically, Defendant argues that Lerew's transfer to the Carlisle store was at her request, she unilaterally elected to resign and she suffered no harassment or discrimination at said store.  Def.'s Reply Br. at 16-18.

We use an "objective test to determine whether an employee can recover on a claim of constructive discharge." *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001).  We must determine whether a reasonable jury could find that AT&T "permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." *Id.* (citations omitted).  Our focus in on a reasonable person, not on the subjective perceptions of an employee. *See Clowes v. Allegheny Valley Hospital*, 991 F.2d 1159, 1162 (3d Cir. 1993). The situations courts have considered as indicating constructive discharge are "(1) a threat of discharge; (2) suggestions or encouragement of resignation; (3) a demotion or reduction of pay

5

or benefits; (4) involuntary transfer to a less desirable position; (5) alteration of job responsibilities; (6) unsatisfactory job evaluations." *Colwell v. Rite Aid Corp.*, No. 07-502, 2008 WL 4748226, at *6 (M.D. Pa. Oct. 27, 2008)(citations omitted).

We find that a jury could not conclude that a reasonable person would be compelled to resign under the circumstances described by Lerew.  Plaintiff's own statements show that she resigned from the Carlisle store in August of 2006, because she felt it would be a conflict of interest to file a lawsuit while working for AT&T.  Lerew Dep. at 161-62. She also admits that the work environment at the Carlisle store was not "hostile." *Id.* at 158.  She further admits that the transfer to the Carlisle store was lateral in nature, and any loss of salary resulted from a difference in customer traffic in Carlisle as compared to Camp Hill.  There was also a company wide change in commission structure. *Id.* at 162-63.  In light of these facts, we conclude that a jury could not conclude that a hostile environment existed at the time of her resignation in August of 2006.  Additionally, any reduction in pay she may have experienced was a result of market forces and changes in company wide policy.  We conclude Lerew "cannot show the necessary predicate to maintain a constructive discharge, specifically, that there were conditions of discrimination so intolerable that a reasonable person would have resigned." *Konstantopoulos v.*

*Westvaco Corp.*, 112 F.3d 710, 718 (3d Cir. 1997). We will, therefore, grant Defendant's motion for summary judgment on Plaintiff's constructive discharge claim.

   *C. IIED Claim*

Defendant argues that it cannot be held vicariously liable for IIED since any conduct of its employees, namely Weigle and Ferguson, falls outside the scope of their employment. Def.'s Br. In Supp. at 29-30. Defendant also argues that sexual harassment, generally, does not rise to the level of the outrageousness required to support a claim for IIED. *Id.*

"[A]s a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for [IIED]." *Andrews*, 895 F.2d at 1487. "The extra factor that is generally required is retaliation for turning down sexual propositions." *Id.; See also Dooley v. CIBA/Novartis-Morristown*, No. 07-0132, 2009 WL 179726, at *20 (M.D. Pa. Jan. 26, 2009)(IIED claims are "limited to instances where an employer engaged in both sexual harassment and other retaliatory behavior against an employee.")(citations omitted).

As indicated previously, Lerew's resignation was not the result of a constructive discharge. Moreover, Plaintiff has not alleged or shown any additional retaliation she may have suffered because of her sex. We find as a matter of law that AT&T is not liable for IIED. We, therefore, see no need to

7

address the issue of vicarious liability.  We will grant Defendant's motion for summary judgment as to Plaintiff's IIED claim.

                                                 /s/William W. Caldwell
                                                 William W. Caldwell
                                                 United States District Judge

Date: April 22, 2009

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


LIZBETH LEREW,                  :
        Plaintiff
                                :

        vs.                     :   CIVIL NO. 1:CV-07-1456

                                :
AT&T MOBILITY LLC, formerly
known as CINGULAR WIRELESS, LLC,:
        Defendant
```

*O R D E R*

AND NOW, this 22nd day of April, 2009, upon consideration of the Defendant's motion for summary judgment (doc. 40), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion for summary judgment is denied except for the following.

    2. Judgment is entered in favor of Defendant AT&T Mobility LLC and against Plaintiff Lizbeth Lerew as to the claims of 1) constructive discharge and 2) intentional infliction of emotional distress.

    3. What remains for trial is Plaintiff's hostile work environment claims pursuant to Title VII and the PHRA while employed at Camp Hill.

                        /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge